IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BEVERLY ANN COLLINS                                                                             PLAINTIFF

v.                         Civil No. 4:09-cv-04013

MILLER COUNTY CORRECTIONAL
CENTER; and OFFICER R. JONES                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Beverly Ann Collins submitted for filing in this district a *pro se* complaint.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**Discussion**

At the time she filed this case, Plaintiff was incarcerated in the Miller County Correctional Facility.  On March 4, 2009, I entered an order (Doc. 2) directing the United States District Clerk to provisionally file the complaint under 42 U.S.C. § 1983.  Pursuant to Rule 9.1 of the Local Rules for the Eastern and Western Districts of Arkansas all actions under 42 U.S.C. § 1983 filed by incarcerated persons shall be submitted on the court-approved forms.  The clerk of court was directed to mail the Plaintiff a court-approved § 1983 form.  Plaintiff was given until March 23, 2009, to complete, sign, and return her § 1983 complaint on the court-approved form.

Plaintiff also  failed to submit with her complaint an application to proceed *in forma pauperis* (IFP).  The clerk was directed to mail Plaintiff a blank IFP application.  Plaintiff was given until March 23, 2009, to either complete, sign, and return the IFP application to this court for review and filing, or pay the $350 filing fee.  Plaintiff was advised if she failed to return the completed IFP application or

pay the $350 filing fee by March 23, 2009, the complaint would become subject to summary dismissal for failure to obey an order of the court.

On March 31, 2009, a Report and Recommendation was entered (Doc. 3) recommending dismissal of the case based on Plaintiff's failure to file a complaint on the court approved form or submit an IFP application or pay the filing fee as previously ordered. On April 2, 2009, Plaintiff filed a motion for an extension of time (Doc. 4) to file the court ordered documents. On April 7, 2009, the Court entered an order (Doc. 5) granting the motion for an extension of time and withdrawing the report and recommendation. Plaintiff was given an extension of time until April 20, 2009, to comply with the Court's prior order.

On April 22, 2009, Plaintiff submitted a change of address notification. (Doc. 6). In view of the change of address, an order was entered (Doc. 7) giving Plaintiff until May 11, 2009, to provide the court with a complaint on a court-approved form and a completed IFP application or the $350 filing fee.

To date, the court has not received the complaint back on the court approved form. Additionally, the court has not been provided with the completed IFP application or the filing fee. Plaintiff has not sought another extension of time. The court's order has not been returned as undeliverable. Plaintiff has not communicated with the court in anyway.

## Conclusion

I therefore recommend that this case be dismissed based on the Plaintiff's failure to obey the orders of the court and her failure to prosecute this action. Fed. R. Civ. P. 41(b).

**Plaintiff has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may**

**result in waiver of the right to appeal questions of fact. Collins is reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

      DATED this 1st day of June 2009.

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE